

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1206-10

### THE STATE OF TEXAS

### v.

### PAUL DAVID ROBINSON, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### FREESTONE COUNTY

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

I agree that the court of appeals got it wrong, but for reasons different from the majority. Rather than remanding this case to the trial court, we should remand it to the court of appeals for them to consider whether Code of Criminal Procedure Article 38.23 applies when there was no violation of a law.

The blood evidence here was not obtained in violation of any provisions of the

Constitution or the laws of the State of Texas or the United States. Texas Transportation Code Section 724.017 is a guideline for how a sanitary and uncontaminated blood sample should be taken. It is to protect the health of the person being tested and to protect the person taking the sample from liability. Failure to comply with Section 724.017(a) may result in an infection from unsanitary conditions or other issues that may arise from an untrained person taking the sample, but there are no legal or constitutional implications if it cannot be shown that the person who took a blood sample in a hospital was not "a physician, qualified technician, chemist, registered nurse, or licensed vocational nurse." It is possible that a blood sample taken by someone who is not qualified may be determined to be unreliable, but this is a question of admissibility to be raised at trial rather than a pre-trial suppression issue. Therefore, Article 38.23 does not apply in this case.

Appellee could have claimed at trial that, due to the lack of evidence regarding the qualifications of the person who drew the blood, the sample was unreliable and inadmissable. And, the State could have then presented evidence that the person who drew the blood was in fact qualified to do so under Section 724.017. That may be a difficult task in some cases since Section 724.017 does not define what makes someone a "qualified technician" or a "chemist." If we are going to say that failure to strictly comply with Section 724.017 results in the suppression of evidence, then we should first make sure the terms are specific enough for everyone to agree on.

Even though the court of appeals said that the trial court did not believe the officer's testimony and the State did not meet its burden of proof, the State's ground for review questioning whether the burden of proof shifted is irrelevant. We should send this case back to the court of appeals for them to look at the applicability of Article 38.23 instead of looking at who had the burden of proof.

Because the State is not entitled to relief, I dissent.


Filed: March 16, 2011

Publish